IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

ALEC HARDWICK                                                                                    PLAINTIFF

v.                              Civil No. 4:12-cv-04044

WAYNE SMITH; and RICK HART                                                            DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a civil rights action filed by the Plaintiff, Alec Hardwick, pursuant to 42 U.S.C. § 1983.  Plaintiff is currently incarcerated at the Arkansas Department of Corrections Grimes Unit in Newport, Arkansas. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

The case is before me for preservice screening under the provisions of the Prison Litigation Reform Act.  Pursuant to 28 U.S.C. § 1915A, the Court shall review complaints in civil actions in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).

I.      BACKGROUND

The events complained of by Plaintiff in his Complaint involve the manner in which his sentence is being carried out by the Arkansas Department of Corrections ("ADC") and the Department of Community Corrections ("DCC").  Plaintiff names Wayne Smith, Warden of the South West Arkansas Community Correctional Center (SWACC) and Rick Hart, Director of the

1

DCC as Defendants in this matter.

According to the allegations of the Complaint, Plaintiff was sentenced to the ADC for two years and the DCC for nine months. During his time at the DCC, Plaintiff asked to be transferred to the ADC. Warden Smith instructed Plaintiff to misbehave so he would be "written up" and transferred to the ADC. Plaintiff complied, received "disciplinaries," and was transferred to the ADC. ECF No. 2, p. 4.

Plaintiff next alleges:

> DCC has not contacted my courts and they have my time still under DCC time, but as 2 years DCC. The courts sentenced me to 9 months DCC not 2 years DCC. I was sentenced to 2 years ADC. I am in ADC but serving a 2 year DCC sentence which is not what I was sentenced.

ECF No. 2, p. 4. Plaintiff does not challenge the underlying conviction.

Plaintiff requests the Court award him monetary damages because he is unable to make parole and also to amend his "time to 2 [years] ADC time." ECF No. 2, p. 5.

**II.   DISCUSSION**

Pursuant to the screening provisions of the Prison Litigation Reform Act, I must determine whether the causes of action stated in the Complaint (1) are frivolous or malicious, (2) fail to state claims upon which relief may be granted, or (3) seek monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915(A).

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a defendant, acting under color of state law, deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. *West v. Atkins,* 487 U.S. 42, 48 (1988).

While it is difficult to ascertain exactly what Plaintiff is challenging in his Complaint, it is appears his claims relate to the duration of his sentence or the credit of his time served. Plaintiff may not use Section 1983 as a substitute for *habeas corpus* relief. Any remedy available to Plaintiff for challenging the lawfulness of his continued incarceration, or credited time, is through a writ of *habeas corpus. See Preiser v. Rodriquez,* 411 U.S. 475, 500 (1973) (*habeas corpus* is the exclusive remedy for a prisoner challenging the "very fact or duration of his physical imprisonment" when the relief sought is a "determination that he is entitled to immediate release or a speedier release from that imprisonment"); *see also Cincoski v. Richard*, 418 Fed. Appx. 571, 572 (8th Cir. 2011) (citing *Edwards v. Balisok,* 520 U.S. 641, 648 (1997) (prisoner's challenge to the deprivation of his good-time credits is not cognizable under Section 1983 because the procedural defect complained of would, if established, imply the invalidity of the deprivation)); *Portley-El v. Brill,* 288 F.3d 1063, 1066-67 (8th Cir. 2002) (under *Heck*, Section 1983 action seeking damages for prison discipline that resulted in loss of good-time credits does not arise until inmate has successfully challenged discipline through habeas or some other proceeding). Plaintiff has failed to state a cognizable claim under Section 1983.

### III. CONCLUSION

Accordingly, I recommend Plaintiff's Complaint be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i-iii) and 1915A(a). The dismissal of this action constitutes a "strike" under 28 U.S.C. § 1915(g). Therefore, I recommend that the Clerk be directed to place a § 1915(g) strike flag on the case.

**The Plaintiff has fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely**

**objections may result in waiver of the right to appeal questions of fact. Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 19th day of October 2012.

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE